# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 23-5011                                        September Term, 2022

1:22-cv-03683-JMC

**Filed On:** April 10, 2023

Friedrich Lu,

      Appellant

    v.

Julio A. Castillo, Clerk, et al.,

      Appellees


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Pillard and Childs, Circuit Judges, and Sentelle, Senior Circuit Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion for injunction, it is

**ORDERED** that the motion for injunction be denied. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's December 22, 2022 order be affirmed. Appellant argues in his brief and in his motion that two motions for preliminary injunctions that he either filed or attempted to file in district court should have been granted. However, the denial of a motion for a preliminary injunction "merge[s]" into a final decision on the merits, Conecuh-Monroe Cmty. Action Agency v. Bowen, 852 F.2d 581, 586 (D.C. Cir. 1988), and appellant has shown no error in the district court's dismissal of his claims. He has identified no federal right enforceable under 42 U.S.C. § 1983 to file an amicus brief, and he has forfeited any challenge to the dismissal of his claim under the Racketeer Influenced and Corrupt Organizations Act by not addressing that claim in his brief, see United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004). Consequently, he cannot show that he was entitled to the requested injunctive relief.

**No. 23-5011**                                 **September Term, 2022**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Michael C. McGrail
Deputy Clerk